**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| VINCENZO MINUTOLO, | : | NO. 3:25-CR-00026 (KAD) |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA | : | October 9, 2026 |

**MEMORANDUM OF DECISION**
**RE: PLAINTIFF'S MOTION TO REDUCE SENTENCE (ECF NO. 49)**

Upon exhaustion of a defendant's administrative remedies (not contested here), 18 U.S.C. § 3582(c)(1)(A) provides that a district court "may reduce" a defendant's term of imprisonment "after considering the factors set forth in section 3553(a)," if it finds "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the sentencing commission." 18 U.S.C. § 3582(c)(1)(A). A district court's "'reasonable evaluation of the Section 3553(a) factors' 'is an alternative and independent basis for denial of compassionate release.'" *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) (footnote omitted) (quoting *United States v. Robinson*, 848 F. App'x 477, 478 (2d Cir. 2021)) (citing *United States v. Butler*, 845 F. App'x 74, 76-77 (2d Cir. 2021)). Mr. Minutolo seeks a sentence reduction due to, in combination, (a) his "regret for the mistakes he made," *see* Letter, ECF No. 50; (b) his post-sentencing rehabilitation as demonstrated by his exemplary conduct and completion of programming while incarcerated, Mot., ECF No. 49 at 3; (c) the decision by the BOP to deny him Second Chance Act placement at an RRC, *id*. at 1-2; (d) his dental needs, *id*. at 2; (e) perceived sentencing disparities between him and others, *id*.; (f) the collateral consequences of his felony conviction, *id*.; and (g) his viable re-entry plan, *id*. at 3. He further asserts that the Section 3553(a) factors support the relief he seeks. *Id*. The Government objects. *See* ECF No. 52. Mr. Minutolo submitted a Reply acknowledging the seriousness of his offense, but maintaining

that a sentence reduction is warranted due to his rehabilitation efforts. Reply, ECF No. 53. Mr. Minutolo also submitted an unauthorized sur-reply asserting that he had three root canals shortly before he was incarcerated and could only get temporary crowns put in before his self-surrender date. Sur-reply, ECF No. 54. Mr. Minutolo asserts the temporary crowns are beginning to fail and he is at risk of infection. *Id*. For the reasons set forth below, the Motion is **DENIED**.

Mr. Minutolo committed a multi-faceted opportunistic fraud over the course of many months through which he obtained hundreds of thousands of dollars of COVID relief money available through different programs, *i.e.*, PPP loans and unemployment payments. His guideline range was 21-27 months. He began serving his 21-month sentence less than 8 months ago. *See* J., ECF No. [38]; Order, ECF No. 43. He identifies no "extraordinary and compelling" reason to reduce his sentence. *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Brooker*, 976 F.3d 228, 235 (2d Cir. 2020). The Court expects inmates to conform to prison rules. Meeting this expectation is not a basis for a sentence reduction. *See*, *e.g.*, *U.S. v. Garcia*, 758 F. Supp. 3d 47, 58 (E.D.N.Y. 2024) ("lack of disciplinary infractions while in custody . . . do[es] not warrant a sentence reduction when considered independently or in combination with" other factors). The BOP has absolute discretion in terms of placement under the Second Chance Act. *See Fournier v. Zickefoose*, 620 F. Supp. 2d 313, 318 (D. Conn. 2009) (the BOP "retains discretion under the Second Chance Act to decide whether and when an inmate should be placed at an RRC, provided such pre-release confinement is practicable and the BOP considers the statutory factors." (citation omitted)). The Court's original sentence was not, in any fashion, based upon *any expectation* that the BOP would exercise that discretion and place Mr. Minutolo in an RRC. The need for permanent dental crowns, without support by any medical records, does not warrant release. *See United States v. Ebbers*, 432 F. Supp. 3d 421, 426–27 (S.D.N.Y. 2020) (finding the defendant

bears the burden of establishing that the circumstances warrant a sentence reduction); *United States v. Star*, No. 20-1999, 2022 WL 2165895, at *1 (2d Cir. June 16, 2022) (summary order) (citing *Butler*, 970 F.2d at 1026) (affirming the denial of a compassionate release motion where the defendant did not provide any medical records to demonstrate the severity of his conditions).

Indeed, Mr. Minutolo, in large measure, simply asks the Court to reconsider the original sentence under the statutory factors because, in his words, "the purposes of sentencing have largely been achieved." Mot., ECF No. 49 at 3. A motion for sentence reduction is not, however, an opportunity for a "do over." See *United States v. Montanez*, No. 3:20-CR-27(MPS), 2023 WL 2889358, at *7 (D. Conn. Apr. 11, 2023) (finding it would be inappropriate to reconsider or reduce the defendant's sentence when no extraordinary circumstances have been presented and the Section 3553(a) factors weigh against a reduction). And in any event, the Court disagrees. At sentencing, the Court carefully considered each of the Section 3553(a) factors, to include the seriousness of the offense, the nature and characteristics of the Defendant; the purposes of sentencing; the victim impact; and both the aggravating and mitigating factors presented in the Presentence Investigation Report and by both parties. There is absolutely nothing in Mr. Minutolo's motion that alters the Court's assessment of the factors as to an appropriate sentence. Accordingly, whether because he has not identified an extraordinary and compelling reason to warrant a sentence reduction or because the statutory factors do not counsel a sentence reduction, the motion is **DENIED**.

**SO ORDERED** this 9th day of October 2026 at Bridgeport, Connecticut.

*/s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE